## HAMBRIGHT *vs.* STOVER.

1. When the plaintiff does not vest his right to recover on the ground that he is an innocent holder, and without notice, and the note is payable to bearer, and seeks a recovery on the merits of the contract, the defendant can not inquire into the title for the single purpose of defeating a recovery.
2. A general warranty of unsoundness does not extend to future casualties of parturition.

Complaint, in Floyd Superior Court. Tried before Judge HAMMOND, at the July Term, 1860.

This was an action brought by John Hambright, against Jeremiah Stover, to recover the amount due on a promissory note, of which the following is a copy:

---

TITLE TO NOTE SUED ON. "The title of the holder of negotiable paper can not be inquired into further than is necessary for the protection of the defendant or to let in the defense which he seeks to make. Code of 1895, §3698; 31 Georgia Reports, 300." Atkins & Company *v.* Cobb, 56 Ga. 88.   *  *  *  *   "When the defendants are allowed to defend as fully as if the bill had not been negotiated, it is immaterial on what consideraation or for what purpose, or with what motive, the payees transferred or the plaintiffs acquired title to the paper." Id. 86 (3).

"CALHOUN, TENNESSEE, 25th September, 1854.

"By the twenty-fifth day of December next, I promise to pay J. A. Stover, surviving partner of Chambers & Stover, or bearer, the sum of seven hundred dollars, for value received."                    "JEREMIAH STOVER."

To this action the defendant pleaded the general issue; and that the note sued on was without consideration; and that if there was any consideration for the note, the same was a negro girl by the name of Ann, which was never delivered to the defendant as was agreed to be done, and that the negro was unsound, and so defectively formed in the womb, as that she could not give birth to children, and that in giving birth to a child she died, before she was even delivered to defendant.

On the trial of the case the plaintiff introduced in evidence the note sued on, and closed.

The defendant introduced in evidence, a bill of sale from J. A. Stover, surviving partner of Chambers & Stover, to the defendant for a negro woman named Ann, about thirty-six years old, warranted to be "sensible and healthy." The bill of sale was dated 25th of September, 1854, and recited that the purchase price was seven hundred dollars.

The defendant also proved that J. A. Stover was a son of the defendant; that J. A. Stover was one of the firm of Chambers & Stover; that Chambers died first, and left the said J. A. Stover surviving; that after the death of Chambers, the survivor sold a negro woman to defendant, for which the note sued on was given; that the note was found among the papers of J. A. Stover, after his death; that the bill of sale was given for the negro; that at the time of the sale the negro was pregnant, and was left at Mrs. Brittains, she being a midwife, to be attended to and nursed during her confinement; that she was attended by Mrs. Brittain during her confinement; that Mrs. Brittain had attended the negro two or three times before, and that her labor was severe, and the children were either born dead, or died a few minutes after birth; that on the occasion of her last confinement, which was a protracted one, she died, and her child was taken from her after she died; that it was the opinion of Mrs. Brittain, that there was some defect in the womb of the negro; that a post-mortem examination of the negro woman was made by two physicians, and that the child was found

to be outside the womb, and among the bowels of its mother.

The plaintiff proved in rebuttal: That when the defendant's agent came to make the trade for him, said agent directed that the negro woman, owing to the fact that she was far advanced in pregnancy, should be placed in the care of some careful nurse, at the expense of the defendant, and that such was the defendant's request, as stated by the agent.

The plaintiff also proved by the physician that was called to see the negro woman, in her last sickness, and also by another physician who aided in the post-mortem examination, that in the opinion of said physicians the negro woman failed to give birth to the child on account of the unusually large size of the child; that the negro died from laceration of the womb, which may occur in cases of a sound, as well as in a diseased womb; that upon a close examination of the negro's womb after death, it was found to be sound and healthy; that the negro died on the 7th or 8th of November, 1854.

After the argument of the case, and after the presiding judge had charged the jury, the defendant's counsel asked the Court to charge the jury:

"That if they believed the plaintiff in this case was not the *bona fide* owner of the note sued on, for a valuable consideration, but got it surreptitiously and without authority, from among the papers of J. A. Stover, deceased, they would be authorized to find for the defendant," which the Court charged to be the law, and counsel for the plaintiff excepted. The jury found for defendant.

Counsel for the plaintiff then moved for a new trial in said case on the grounds:

1st. Because the Court erred in charging the jury as requested by defendant's counsel, as hereinbefore set forth.

2d. Because the jury found contrary to law and evidence. Upon hearing the motion, the Court refused the new trial, and this decision is the error alleged in said case.

T. W. ALEXANDER, for the plaintiff in error.

UNDERWOOD & SMITH, *contra*.

*By the Court.*—LYON, J., delivering the opinion.

The charge of the court was erroneous.

There was no evidence that the plaintiff got the papers surreptitionsly, nor anything before the Court to show that the plaintiff was not the legal holder.

The plaintiff did not seek to recover as an innocent holder of the paper, and without notice of the defendant's defense, or the equities subsisting between the maker and payees. On the contrary, he came into Court, claiming title to the paper as administrator of the payee, and was driven from that title by the objection of the defendant, and then placed his right to recover on the merits of the contract—the note being payable to bearer—and in that position, it was immaterial to the defendant to inquire into this title to the note. And here we might rest the case, as a new trial must be granted on that ground. But as the other point—that the verdict was contrary to law and evidence—is made and insisted upon, we have felt it our duty to pass on that also.

The defence was, that the negro woman, the consideration of this note, was unsound. The woman was pregnant at the time of the sale, and died subsequently from a laceration of the womb, and an inability to give birth to the child, on account of its unusual size, which sometimes happen, say the physicians who treated the negro, in healthy as well as unhealthy women. The laceration, which was the immediate cause of the death, took place at the time and in the effort to expel the offspring. The womb as well as the general health of the woman was otherwise healthy. We do not think this was any evidence of unsoundness of the negro at the time of the sale. A warranty of soundness does not extend to the subsequent casualties of parturition. And as this was the only evidence of unsoundness, the verdict was contrary to law and the evidence. A new trial must be granted.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, upon the ground that the Court erred in not granting the new trial on the following grounds:

1st. For error: in charging the jury that if they should believe the plaintiff is not a *bona fide* owner of the note for

a valuable consideration, but got it surreptitiously and with-out authority from the papers of J. A. Stover, deceased, they would be authorized to find for the defendant.

2d. Because the verdict was contrary to law and evidence.